IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GARY C. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:11-cv-01317-JHH-JEO |
| | ) |
| FEDERAL BUREAU OF PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on August 9, 2012, recommending that defendants' motion for summary judgment be granted and this cause be dismissed with prejudice.  (Doc. 21.)  Specifically, the magistrate judge recommended that defendants' motion for summary judgment on plaintiff's Eighth Amendment medical care claims be granted because although plaintiff suffered from a serious medical need, he failed to show that defendants were deliberately indifferent to that need.  The magistrate judge further recommended that defendants' motion for summary judgment on plaintiff's FTCA medical malpractice claims be granted because plaintiff failed to present expert testimony concerning the appropriate standard of care for his condition.  On August 30, 2012, plaintiff filed objections and

a motion for reconsideration of the magistrate judge's order denying his request for a medical expert. (Docs. 22 & 23.)

In his objections, plaintiff claims that the magistrate judge should have appointed an expert to determine (1) whether defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment; and (2) whether defendants breached the appropriate standard of care under Alabama law. (Doc. 22.) Plaintiff also complains of the following: the magistrate judge previously denied his motion for physical and mental examination (docs. 16 & 17); he is entitled to an expert witness pursuant to 28 U.S.C. § 1915 because he is *pro se* and indigent; the magistrate judge never required him to disclose an expert witness; and his condition would have been obvious to a layperson and, therefore, no expert witness is needed.

A.   Eighth Amendment – Medical Care Claims.

Plaintiff asserts principally that he informed defendants that he was prone to staph infections and instead of ordering a culture or administering staph and MRSA resistant antibiotics, defendants continued to prescribe him other antibiotics that were "insufficient to cure this type of infection." (Doc. 22 at 5.) However, plaintiff has failed to present evidence from which a reasonable jury could infer that defendants knew all along that plaintiff was suffering from osteomyelitis, or knew that they were otherwise misdiagnosing plaintiff's condition, but continued to provide him with

inadequate treatment anyway. Neither can expert opinion create a genuine issue of material fact in this instance regarding defendants' subjective mental intent. Instead, plaintiff was required to use direct or circumstantial evidence to prove defendants' subjective mental intent. *See Campbell v. Sikes*, 169 F.3d 1353, 1368-72 (11th Cir. 1999) (refusing to allow expert testimony as to what a prison psychiatrist should or would have known in order to raise a jury issue because it would effectively nullify the requirement of subjective intent as set out in *Farmer v. Brennan*, 511 U.S. 825 (1994)); *see also Ivy v. Ford Motor Co.*, 646 F.3d 769, 777-78 (11th Cir. 2011) (citing *Campbell v. Sikes*, 169 F.3d 1353, 1370-71 (11th Cir. 1999) ("As a matter of common sense and common experience with respect to the meaning of wanton conduct, merely finding an after-the-fact expert to opine that a product is defective cannot be sufficient to create a jury question on the issue of wantonness – defined as willful conduct based on an actual intention to do harm or wanton conduct that is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit of actual intent – when the product satisfied the government and industry standards extant at the earlier relevant time.")).

Based on the foregoing, plaintiff is not entitled to an expert witness to determine whether defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

B.  <u>FTCA – Medical Malpractice</u>.

Plaintiff further objects to the dismissal of his FTCA medical malpractice claims without appointment of an expert witness to determine what would have been the appropriate standard of care for his condition. Plaintiff argues that because he is *pro se* and indigent, he is entitled to an expert witness pursuant to 28 U.S.C. § 1915. Although § 1915 allows for the commencement of a suit without prepayment of fees and costs upon a showing of indigency, it makes no provision for litigation expenses other than the reproduction of the record and transcripts. *See* 28 U.S.C. § 1915(c); *see also Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) ("The plain language of [28 U.S.C. §] 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant."). In *Boring v. Kozakiewicz*, former pretrial detainees alleged that county officials denied them medical treatment. 833 F.2d 468 (3rd Cir. 1987). In upholding the district court's refusal to pay for an expert medical witness for the plaintiffs, the Third Circuit Court of Appeals stated:

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal

claims for damages.

*Id.* at 474. Therefore, to the extent plaintiff seeks court payment for the appointment of an expert in his case, the *in forma pauperis* statute makes no provision for such an expense.

Plaintiff also complains that the magistrate judge denied his October 17, 2011, motion for physical and mental examination under Fed. R. Civ. P. 35(a) which would have produced the necessary expert testimony to support his FTCA claims. However, Rule 35(a) does not authorize the court to appoint an expert to examine a party requesting an examination of himself. *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (denying motion by the plaintiff to have himself examined where purpose was for the plaintiff, a prisoner, to obtain treatment and to complain of deliberate indifference to his serious medical needs). Instead, under certain circumstances, Rule 35(a) would permit the court to order a party to submit to a physical or mental examination at the request of an opposing party. *See Brown v. U.S.*, 74 Fed. App'x 611, 614 (7th Cir. 2003) (unpublished). Accordingly, plaintiff is not entitled to an expert witness under Fed. R. Civ. P. 35(a).

Plaintiff next argues that he is entitled to appointment of an expert witness under Fed. R. Evid. 706. Rule 706(a) provides: "The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own

selection." However, the purpose of Rule 706 is to allow "the appointment of an expert to aid the court," as opposed to an expert appointed for a party's benefit. *See Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008); *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 665 (7th Cir. 2002) (recommending that the district judge use Rule 706 to appoint his own expert witness, "rather than leave himself and the jury completely at the mercy of the parties' warring experts" and stating that the expert should be a "genuine neutral"); *Kennedy v. Wetherington*, No. 1:01-CV-3257-RWS, 2006 WL 648765, at *5 (N.D. Ga. March 25, 2006) (holding that litigant assistance is not the purpose of Rule 706). Although plaintiff claims to request an "Independent Expert" (docs. 22 & 23), he has not put forth any argument that such expert would be for the aid and benefit of the court. Instead, it appears that plaintiff's motion for appointment of an expert is for his benefit alone which is not authorized under Rule 706. [1]

Plaintiff's objection to the report and recommendation on the basis that the magistrate judge did not order him to provide expert disclosures is without merit. Alabama law provides the requirements for establishing a medical malpractice claim.

---

[1] Plaintiff noted in his initial disclosures that he would need to obtain a court appointed expert "to adequately present his case." (Doc. 18 at 5-6.) He further noted in his objections that he requested an expert in order to "survive summary dismissal." (Doc. 22 at 10.) Additionally, he argues in his motion for reconsideration that Rule 706 allows for a court "to appoint an [e]xpert on the plaintiff's behalf." (Doc. 23 at 2.)

*See Pruitt v. Zeiger*, 590 So. 2d 236, 237-38 (Ala. 1991). Unless an exception exists, which it does not here, plaintiff cannot create a material issue of fact as to whether his treatment fell below the necessary standard of care without expert testimony. *See Cobb v. Fisher*, 20 So. 3d 1253, 1257 (Ala. 2009). Therefore, plaintiff is not excused from providing expert testimony which was necessary to support his FTCA claim simply because the magistrate judge did not order him to do so.

Lastly, plaintiff claims that expert testimony is not necessary because his need for a culture or more extensive antibiotics was obvious to a layperson. The mode of treatment of osteomyelitis, a bone infection, is not a matter of common knowledge or within the general experience of a layman and, therefore, plaintiff was required to present expert testimony to establish the applicable standard of care and to show how the care he received breached that standard. *See Cobb v. Fisher*, 20 So. 3d 1253, 1257-58 (Ala. 2009).

Based on the foregoing, plaintiff's objections (doc. 22) are OVERRULED and his motion for reconsideration of the magistrate judge's order denying him an expert witness (doc. 23) is DENIED. Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED.

The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.  Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE.  A Final Judgment will be entered.

**DONE** this the ___27th___ day of September, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE